1  Steven A. Alpert, NV #8353
2  **PRICE LAW GROUP, APC**
   5940 S. Rainbow Blvd., Suite 3014
3  Las Vegas, NV 89118
4  Phone: (702) 794-2008
   alpert@pricelawgroup.com
5  *Attorneys for Plaintiff,*
6  *Henry Holmes*

7                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
8

9  HENRY HOLMES,                        Case No.: 2:21-cv-00446-JAD-NJK
10
11         Plaintiff,                   **FIRST AMENDED COMPLAINT
                                         AND DEMAND FOR JURY TRIAL**
12     v.
13 USAA SAVINGS BANK,                   1.  TCPA, 47 U.S.C. § 227, *et seq.*

14         Defendant.                   Invasion of Privacy - Intrusion upon
                                         Seclusion
15
16

17              **FIRST AMENDED COMPLAINT FOR DAMAGES**
18
       Plaintiff Henry Holmes ("Plaintiff"), through his attorneys, alleges the
19
   following against Defendant USAA Savings Bank ("Defendant"):
20
21
                                **INTRODUCTION**
22
23  1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer
24
       Protection Act ("TCPA"), 47 U.S.C. § 227.  The TCPA is a federal statute
25
26     that broadly regulates the use of automated telephone equipment.  Among
27     other things, the TCPA prohibits certain unsolicited marketing calls, restricts
28

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts.  Section 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns … that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227, *et seq.*, and 28 U.S.C. §§ 1331, 1367.

4. Upon information and belief, Defendant's corporate headquarters are located in this District.  Venue accordingly is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides here.  For the same reason, personal jurisdiction over Defendant in this District is established as well.

## PARTIES

5. Plaintiff is a natural person residing in the County of Cobb, State of Georgia.

6. Defendant is a creditor engaged in the business of extending credit through credit cards, with its principal place of business located in Las Vegas, Nevada.

Defendant can be served with process through its statutory agent, Corporation Service Company, located at 112 North Curry Street, Carson, Nevada 89703.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Prior to February 5, 2020, Defendant made several phone calls to Plaintiff in an attempt to collect on an alleged debt.

9. The calls placed by Defendant mainly originated from (800) 531-8722. Upon information and belief, this telephone number is operated by, or for the benefit of, Defendant.

10. On or about February 5, 2020, Defendant placed another call to Plaintiff on his cellular phone number ending in 5675, in an attempt to collect the alleged debt.

11. Plaintiff answered the February 5, 2020 collection call from Defendant.

12. Plaintiff then spoke with Defendant's representative. During the call, Defendant informed Plaintiff that it was attempting to collect an alleged debt.

13. Plaintiff, in turn, unequivocally revoked consent to be called any further. Plaintiff explained that he was experiencing legal problems and insisted that further contacts only be made in writing.

14. Despite Plaintiff's unequivocal request not to be contacted via telephone, Defendant continued to call Plaintiff.

15. Between February 11, 2020 and June 30, 2020, Defendant called Plaintiff on his cell phone approximately one hundred and twenty-five (125) times and left several voicemails.

16. Upon information and belief, each time Defendant called, there was a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

17. Defendant often called Plaintiff multiple times in the same day, indicating the use of a random number generator to: a) determine the order in which to select phone numbers to be dialed from a preproduced list; and b) store and dial those numbers at a later time when Plaintiff did not answer.

18. During the time period of Defendant's phone calls (and through the present), Plaintiff worked at a hospital, where he repairs medical equipment. The calls from Defendant would often interrupt Plaintiff's work and stress him out while he attempted to perform his work duties.

19. Defendant's calls not only induced stress on Plaintiff, but also made Plaintiff anxious that his work would be affected in a negative manner due to the incessant calls to his cellular phone.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant violated the TCPA. Defendant's violations include, but are not limited to, the following:

   a) within four years prior to the filing of this action and on multiple occasions, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), which states in pertinent part that

   > [i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . , or any service for which the called party is charged for the call . . . .

   b) Within four years prior to the filing of this action and on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff on his cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system. Consequently, Defendant knowingly and/or willfully violated the TCPA.

23. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to a statutory damage award in the amount of five hundred dollars ($500.00) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

24. If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to a statutory damages award of one thousand five hundred dollars ($1,500.00) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B), (C).

## COUNT II
**Defendant's Invasion of Privacy
(Intrusion upon Seclusion)**

25. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

26. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on the alleged debt, despite Plaintiff's request for the calls to cease.

27. Defendant's conduct would be highly offensive to a reasonable person.

28. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may be entitled to recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Henry Holmes respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B), (C);

C. Actual and punitive damages resulting from the intrusion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

RESPECTFULLY SUBMITTED,

DATED: April 28, 2021

By: */s/ Steven A. Alpert*
Steven A. Alpert, NV #8353
**PRICE LAW GROUP, APC**
5940 S. Rainbow Blvd., Suite 3014
Las Vegas, NV 89118
Phone: (702) 794-2008
alpert@pricelawgroup.com
*Attorneys for Plaintiff, Henry Holmes*