# EXHIBIT A

Steven A. Alpert, NV #8353
**PRICE LAW GROUP, APC**
5940 S. Rainbow Blvd., Suite 3014
Las Vegas, NV 89118
Phone: (702) 794-2008
alpert@pricelawgroup.com
*Attorneys for Plaintiff,*
*Henry Holmes*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HENRY HOLMES,<br><br>             Plaintiff,<br><br>    v.<br><br>USAA SAVINGS BANK; and USAA FEDERAL SAVINGS BANK,<br><br>             Defendants. | Case No.: 2:21-cv-00446-JAD-NJK<br><br>**~~FIRST~~ SECOND AMENDED COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227, *et seq.*<br><br>Invasion of Privacy - Intrusion upon Seclusion |

**~~FIRST~~SECOND AMENDED COMPLAINT FOR DAMAGES**

Plaintiff Henry Holmes ("Plaintiff"), through his attorneys, alleges the following against Defendants USAA Savings Bank ("USAA") and USAA Federal Savings Bank ("USAA FSB") (collectively, "Defendants"):

- 1 -

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. Section 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns … that would be highly offensive to a reasonable person."

**JURISDICTION AND VENUE**

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227, *et seq.*, and 28 U.S.C. §§ 1331, 1367.

*4.* Upon information and belief, ~~Defendant's~~ USAA's corporate headquarters are located in this District. Venue regarding USAA accordingly is proper pursuant to 28 U.S.C. § 1391(b)(1) because USAA~~Defendant~~ resides here.

For the same reason, personal jurisdiction over USAA~~Defendant~~ in this District is established as well.

5. Venue is also proper in this District as to both Defendants pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.  Upon information and belief, USAA FSB's authority to make the phone calls to Plaintiff which are the subject of this action stemmed from USAA in Nevada.

~~4.~~6. Personal jurisdiction is also established as to both Defendants ~~–~~because Defendants transact business in this District.  Upon information and belief: 1) USAA issues credit cards to consumers in Nevada; and 2) USAA FSB services the USAA credit card accounts of Nevada consumers.

## PARTIES

~~5.~~7. Plaintiff is a natural person residing in the County of Cobb, State of Georgia.

8. ~~Defendant~~ USAA is a creditor engaged in the business of extending credit through credit cards, with its principal place of business located in Las Vegas, Nevada.  ~~Defendant~~USAA can be served with process through its statutory agent, Corporation Service Company, located at 112 North Curry Street, Carson, Nevada 89703.

~~6.~~9. ~~Defendant~~ USAA FSB is a creditor engaged in the business of banking services.  ~~Defendant~~ USAA FSB acts as the credit card "servicer" for USAA.

- 3 -

USAA FSB is a wholly owned subsidiary of USAA and can be served at its principal place of business, located at 10750 McDermott Freeway, San Antonio, Texas 78288.

7.10.  Defendants acted through theirits agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.  Several years ago, Plaintiff obtained a credit card account from USAA.

12.  Upon information and belief, the credit card agreement between USAA and Plaintiff is governed by Nevada law.

13.  Upon information and belief, as the servicer for USAA, USAA, FSB received its authority to service Plaintiff's USAA credit card account from USAA in Nevada and acted as USAA's agent in making phone calls on USAA's behalf to collect credit card debt from Plaintiff.

8.14.  Prior to February 5, 2020, Defendants made several phone calls to Plaintiff in an attempt to collect on an alleged debt relating to the USAA credit card.

9.15.  The calls placed by Defendants mainly originated from (800) 531-8722.  Upon information and belief, this telephone number is operated by

USAA or its agents acting on its behalf (such as USAA FSB).<del>, or for the benefit of, Defendant</del>.

<del>10.</del>16.    On or about February 5, 2020, Defendant<ins>s</ins> placed another call to Plaintiff on his cellular phone number ending in 5675, in an attempt to collect the alleged debt.

<del>11.</del>17.    Plaintiff answered the February 5, 2020 collection call from Defendant<ins>s</ins>.

<del>12.</del>18.    Plaintiff then spoke with Defendant<ins>s'</ins><del>'s</del> representative. During the call, Defendant<ins>s</ins> informed Plaintiff that <ins>Defendants were</ins><del>it was</del> attempting to collect an alleged debt.

<del>13.</del>19.    Plaintiff, in turn, unequivocally revoked consent to be called any further. Plaintiff explained that he was experiencing legal problems and insisted that further contacts only be made in writing.

<del>14.</del>20.    Despite Plaintiff's unequivocal request not to be contacted via telephone, Defendant<ins>s</ins> continued to call Plaintiff.

<del>15.</del>21.    Between February 11, 2020 and June 30, 2020, Defendant<ins>s</ins> called Plaintiff on his cell phone approximately one hundred and twenty-five (125) times and left several voicemails.

<del>16.</del>22.    Upon information and belief, <del>each time Defendant called</del><ins>several times that Defendants called</ins>, there was a pause before the collection agent began to

- 5 -

speak, indicating the use of an automated telephone dialing system. Upon information and belief, some of these calls were not connected to a live person but was rather a pre-recorded voice message.

23. Defendants often called Plaintiff multiple times in the same day, indicating the use of a random number generator to: a) determine the order in which to select phone numbers to be dialed from a preproduced list; and b) store and dial those numbers at a later time when Plaintiff did not answer.

17.24. Upon information and belief, Defendants' system "use[s] a random generator to determine the order in which to pick phone numbers from a preproduced list" and "then store[s] those numbers to be dialed at a later time," consistent with footnote 7 in *Facebook, Inc. v. Duguid*, 28 Fla. L. Weekly Fed. S. 721, at *6 n.7 (U.S. 2021).

18.25. During the time period of Defendants' 's phone calls (and through the present), Plaintiff worked at a hospital, where he repairs medical equipment. The calls from Defendants would often interrupt Plaintiff's work and stress him out while he attempted to perform his work duties.

19.26. Defendants''s calls not only induced stress on Plaintiff, but also made Plaintiff anxious that his work would be affected in a negative manner due to the incessant calls to his cellular phone.

- 6 -

20.27.   As a result of Defendants'~'~s conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## COUNT I
**Defendant's Violations of the TCPA, 47 U.S.C. § 227**

21.28.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.29.   Defendants violated the TCPA. Defendants'~'~s violations include, but are not limited to, the following:

a) within four years prior to the filing of this action and on multiple occasions, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii), which states in pertinent part that

> [i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . , or any service for which the called party is charged for the call . . . .

b) Within four years prior to the filing of this action and on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff on his cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system. Consequently, Defendants knowingly and/or willfully violated the TCPA.

- 7 -

23.30. As a result of Defendants'<s>'s</s> violations of 47 U.S.C. § 227, Plaintiff is entitled to a statutory damage award in the amount of five hundred dollars ($500.00) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

24.31. If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to a statutory damages award of one thousand five hundred dollars ($1,500.00) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B), (C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

25.32. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

26.33. Defendants violated Plaintiff's privacy. Defendants'<s>'s</s> violations include, but are not limited to, the following:

  a. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on the alleged debt, despite Plaintiff's request for the calls to cease.

27.34. Defendants'<s>'s</s> conduct would be highly offensive to a reasonable person.

- 8 -

28.35.   Defendants''s acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29.36.   As a result of Defendants''s violations of Plaintiff's privacy, Defendants areis liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may be entitled to recover punitive damages.

///

///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Henry Holmes respectfully requests that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B), (C);

C. Actual and punitive damages resulting from the intrusion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

RESPECTFULLY SUBMITTED,

- 9 -

| | |
|---|---|
| 1 | DATED: <u>May</u><s>April</s> _, 2021 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

By: */s/ Steven A. Alpert*
Steven A. Alpert, NV #8353
**PRICE LAW GROUP, APC**
5940 S. Rainbow Blvd., Suite 3014
Las Vegas, NV 89118
Phone: (702) 794-2008
alpert@pricelawgroup.com
*Attorneys for Plaintiff,*
*Henry Holmes*

- 10 -