**ROBERT W. FREEMAN**
Nevada Bar No. 3062
**PRISCILLA L. O'BRIANT**
Nevada Bar No. 10171
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone:  (702) 893-3383
Fax:  (702) 893-3789
E-Mail: Robert.Freeman@lewisbrisbois.com
E-Mail: Priscilla.Obriant@lewisbrisbois.com
*Attorneys for Defendants USAA SAVINGS BANK*
*& USAA FEDERAL SAVINGS BANK*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HENRY HOLMES,<br><br>            Plaintiff,<br><br>     vs.<br><br>USAA SAVINGS BANK and USAA FEDERAL SAVINGS BANK,<br><br>            Defendants. | CASE NO.: 2:21-CV-00446-JAD-NJK<br><br>**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), (B)(3), AND 19(A)(3) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 19(a)(3), Defendants USAA Savings Bank ("USAA SB") and USAA Federal Savings Bank ("USAA FSB") (collectively, "Defendants") respectfully request that this Court dismiss the Second Amended Complaint. USAA FSB is a necessary party to this action, but because USAA FSB does not reside in Nevada and none of the events giving rise to the claim occurred in Nevada, this Court lacks personal jurisdiction and venue is improper. As USAA FSB *cannot*, but must, remain a party to this action, the Court must dismiss the SAC in its entirety.//

//

//

//

//

//

4850-1428-2228.1 14825868 v1

A memorandum in support of this motion is attached hereto.

DATED this 2nd day of August, 2021.

                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

                                    BY     /s/ Priscilla L. O'Briant
                                    ROBERT W. FREEMAN
                                    Nevada Bar No. 3062
                                    PRISCILLA L. O'BRIANT
                                    Nevada Bar No. 10171
                                    6385 S. Rainbow Boulevard, Suite 600
                                    Las Vegas, Nevada 89118
                                    *Attorneys for Defendant*
                                    *USAA FEDERAL SAVINGS BANK*

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

On June 28, 2021, Plaintiff Henry Holmes ("Plaintiff"), a Georgia resident, filed his Second Amended Complaint in the United States District Court for the District of Nevada. Plaintiff alleges that Defendants made telephone calls to him on his telephone in an attempt to collect on his outstanding debt in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (2d Am. Compl., Dkt. No. 10, ¶ 14).

Plaintiff's Second Amended Complaint created more issues than it remedied. More specifically, in adding USAA FSB as a co-defendant, Plaintiff overlooked the fact that this Court lacks personal jurisdiction over USAA FSB and venue is improper. In his Second Amended Complaint, in an attempt to establish personal jurisdiction, Plaintiff erroneously stated that USAA FSB "transact[s] business in this District." However, USAA FSB does *not* transact business in the State of Nevada nor in this District, and none of the events giving rise to Plaintiff's claims occurred in Nevada. What is more, as USAA FSB—not USAA SB—placed all of the calls at issue, USAA FSB is a necessary party for the purposes of adjudicating liability. (Deneen Decl., Ex. A, ¶ 5)[1]. Therefore, as USAA FSB must, but cannot rightfully, remain a party to this action, the Court must dismiss the Second Amended Complaint in its entirety.

## II. STATEMENT OF FACTS

Plaintiff is a citizen of Georgia. (2d Am. Compl., Dkt. No. 10, ¶ 7). USAA FSB is a federally chartered savings association, and the parent company of USAA SB. (*Id.* at ¶ 1). USAA FSB is not incorporated or located in Nevada, nor does it have any place of business there. (*Id.* at ¶ 3). Instead, its principal place of business is in San Antonio, Texas. (*Id.* at ¶ 4).

USAA FSB makes collection-related calls from San Antonio, Texas and does not make

---

[1] A defendant may introduce extrinsic evidence in challenging venue. *Great Am. Ins. Co. v. Nippon Yus en Kaisha*, No. 13-cv-00301, 2013 Dist. LEXIS 67175 at *9-11 (N.D. Cal. May 10, 2013) (*citing Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)).

any debt-collection calls (to Plaintiff or otherwise) from Nevada. (*Id.*). In this litigation, all telephone calls Plaintiff allegedly received were made by USAA FSB. (*Id.* at ¶ 5). None of the calls or communications giving rise to this case occurred in Nevada. (*Id.* at ¶¶ 4-5).

### III. LAW AND ARGUMENT

#### A. This Court Does Not Have Personal Jurisdiction Over USAA FSB.

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move to dismiss a complaint for lack of personal jurisdiction. "Where a defendant moves to dismiss a complaint for lack of jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (*citing Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

##### 1. The District of Nevada Does Not Have General Jurisdiction Over USAA FSB.

The United States Supreme Court recently reaffirmed the very limited circumstances under which a state may exercise general jurisdiction over foreign corporations. *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (identifying a corporate defendant's place of incorporation and principal place of business as the "paradigm" forums where the defendant is "at home.").

*Tyrell* forecloses any possibility of Nevada having general jurisdiction over USAA FSB, which is not incorporated in the State of Nevada, maintains its principal place of business in Texas, and has no offices, facilities, or operations in Nevada. (Deneen Decl., Ex. A, ¶ 3). Though Plaintiff incorrectly alleges that USAA FSB "transact[s] business in this District", such is not the case and therefore no general jurisdiction exists. (2d Am. Compl., ¶ 6); *See Tyrell*, 137 S. Ct. at 1558.

##### 2. Plaintiff Cannot Establish Specific Personal Jurisdiction Over USAA FSB

Plaintiff also cannot establish specific jurisdiction over USAA FSB. The Ninth Circuit established a three-prong test for analyzing specific personal jurisdiction:

(1) the non-resident must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he

> purposefully avails himself of the privilege of conducting activities in the forum, thereby involving the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Pfister v. Selling Source, LLC*, 931 F.Supp.2d 1109, 1117 (D. Nev. 2013) (*quoting Schwarzenegger*, 374 F.3d at 802). The plaintiff bears the burden of satisfying the first two prongs of the test, and if it fails to satisfy either prong, personal jurisdiction is not established. *Id.* (internal citations omitted).

Plaintiff fails to allege that *any* part of its claims arise out of or relate to USAA FSB's activities in Nevada. This is unsurprising, particularly because Plaintiff cannot do so. Here, USAA FSB did not direct activities to Nevada, and Plaintiff's claims do not arise out of or relate to USAA FSB's activities in Nevada. (Deneen Decl., Ex. A., ¶¶ 3-5). USAA FSB makes collection-related calls from San Antonio, Texas—not from Nevada—and therefore, Plaintiff cannot prove that it received any Nevada-based collection calls from USAA FSB. (*Id.*). As Plaintiff's claims do not arise out of or relate to USAA FSB's activities in Nevada, Plaintiff cannot establish specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408, 414 (1984) (requiring that a controversy relate to or arise out of a defendant's contacts with the forum in order to establish personal jurisdiction).

### 3. This District is Not a Proper Venue

A defendant can move to dismiss a complaint for improper venue. Fed. R. Civ. P. 12(b)(3). Plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Venue is proper:

> (1) in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §§ 1391(b)(1)-(3).



A corporation is deemed to reside in "any judicial district in which such a defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2). Courts generally analyze whether personal jurisdiction exists under two jurisdictional theories: general jurisdiction and specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414 n.8. Here, Plaintiff cannot establish either general or specific personal jurisdiction over USAA FSB. *See* Parts III(1)(a) and (1)(b), *supra*. It logically follows, then, that Plaintiff cannot satisfy 28 U.S.C. § 1391(c)(2), because *no* events giving rise to Plaintiff's claims occurred in Nevada. Part III(1)(b), *supra.* Accordingly, the Court should dismiss USAA FSB from the suit pursuant to Fed. R. Civ. P. 12(b)(3).[2]

### 4. If USAA FSB is a Necessary Party to this Action, But it is Dismissed, it Cannot be Re-Joined Pursuant to Fed. R. Civ. P. 19(b)(3)

By and through his Second Amended Complaint, Plaintiff added co-defendant USAA FSB. Based on the allegations, it appears as though Plaintiff seeks to hold USAA FSB liable for its own alleged actions, while also asserting vicarious liability against USAA SB. Plaintiff, however, overlooks the requirements of Fed. R. Civ. P. 19(a)(1)(A) and (a)(3). *See Henderson v. United Student Funds, Inc.*, 918 F.3d 1068, 1072 (9th Cir. 2019) ("[A] court may not automatically attribute a third-party caller's TCPA violations to a defendant. In other words, there is no per se liability. A plaintiff … must show that there is an agency relationship between a defendant and a third-party caller for there to be vicarious liability for TCPA violations.").

The law regarding vicarious liability is clear—if there is the potential that a plaintiff may have claims against the principal *and* the agent, the putative agent *must* be a party to the action to ensure that the plaintiff can recover. *See Forrester v. Orkin Servs. of Cal.*, No. 12-cv-01975-JST, 2013 WL 2299545 at *3 (N.D. Cal. May 24, 2013) ("Given that Forrester may have viable claims against Aiello, Aiello is a necessary party to the action."). This is in line with Fed. R. Civ. P.

---

[2] As jurisdiction is proper in the Western District of Texas under both 28 U.S.C. §§ 1391(b)(1) and (b)(2), it is not necessary to analyze venue under 28 U.S.C. § 1391(b)(3). *See Pfister,* 931 F.Supp.2d at 1120 ("[S]ubparagraph 3 only applies when venue could not be proper in any district under subparagraph 1 or 2.")

19(a)(1)(A) which states that "[a] person … must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties." However, the Rules also state that "[i]f a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party." Fed. R. Civ. P. 19(a)(3).

As set forth above, this Court lacks personal jurisdiction over USAA FSB and venue is improper. Because USAA FSB *must* remain a party to this action for Plaintiff to obtain relief against USAA SB, this Court should dismiss the Complaint in its entirety, thereby requiring Plaintiff to re-file in the appropriate forum.

## IV. CONCLUSION

This Court lacks personal jurisdiction over USAA FSB and venue is improper. Therefore, because USAA FSB must, but cannot rightfully, remain a party to this action, the Court must dismiss the Second Amended Complaint in its entirety.

DATED this 2nd day of August, 2021.

LEWIS BRISBOIS BISGAARD & SMITH LLP

BY      /s/ Priscilla L. O'Briant
ROBERT W. FREEMAN
Nevada Bar No. 3062
PRISCILLA L. O'BRIANT
Nevada Bar No. 10171
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*USAA FEDERAL SAVINGS BANK*



Case 5:21-cv-01267-FB   Document 14   Filed 08/02/21   Page 8 of 8

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of, and that on this 2nd day of August, 2021, I did cause a true copy of **MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), (B)(3)**, **AND 19(A)(3)** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System;

Steven A. Alpert
Price Law Group, APC
5940 S. Rainbow Road
Las Vegas, NV  89118
T:  (866) 881-2133 / F:  (866) 401-1457
E:  alpert@pricelawgroup.com
     cpservice@pricelawgroup.com
Attorneys for Plaintiff Henry Holmes

BY_____/s/ Anne Cordell_____
An Employee of LEWIS BRISBOIS
BISGAARD & SMITH



4850-1428-2228.1
14825868 v1

8