1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

Henry Holmes,                                     Case No.: 2:21-cv-00446-JAD-NJK

          Plaintiff

5

v.                                                **Order Transferring Action to**
                                                  **the United States District Court for**
6                                                 **the Western District of Texas**

USAA Savings Bank and USAA Federal
7    Savings Bank,                                [ECF No. 10]

8         Defendant

9          Henry Holmes brings this tort action against USAA Savings Bank (USAA SB) and

10   USAA Federal Savings Bank (USAA FSB) under Georgia common law and the federal

11   Telephone Consumer Protection Act (TCPA), alleging that the defendants improperly called him

12   numerous times to collect on a debt.[1]  Because USAA FSB made those calls to Georgia-resident

13   Holmes from San Antonio, Texas, defendants move to dismiss for want of personal jurisdiction

14   and improper venue.[2]  Holmes objects, arguing that this court may exercise personal jurisdiction

15   over USAA FSB—and thus venue is properly laid in this district—because USAA FSB and

16   USAA SB executed an account-servicing contract in the latter's home state of Nevada, and

17   Holmes executed the contract underlying the debt with USAA SB in Nevada.[3]  I find that this

18   district is an improper venue to resolve this dispute, so I *sua sponte* transfer venue to the United

19   States District Court for the Western District of Texas and deny as moot the motion to dismiss.

20

21

22   _____

[1] ECF No. 10.

23  [2] ECF No. 14; ECF No. 14-1; ECF No. 17.

[3] ECF No. 16; *see* ECF No. 10.

**Analysis**

28 U.S.C. §§ 1404(a) and 1406(a) authorize district courts to dismiss or transfer a case that has been brought in an improper venue to one "in which it could have been brought."[4] Transfer decisions lie within the district court's discretion and require an "individualized, case-by-case consideration of convenience and fairness."[5]  The relevant factors thus depend on the facts of each particular case.[6]  The plaintiff bears the burden of showing that venue is proper.[7] Under 28 U.S.C. § 1391(b), a judicial district is a proper venue for a civil action if it is one in which: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; or (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . . ."[8]  If neither of those two bases applies, then venue is properly laid in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[9]

Holmes fails to demonstrate that the District of Nevada is a proper venue for this case. All the alleged injurious actions were taken (1) outside of Nevada; (2) by USAA FSB, a Texas-

---

[4] 28 U.S.C. §§ 1404(a), 1406(a); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (noting that the decision to dismiss or transfer is within the district court's discretion).  A district court may transfer venue *sua sponte*.  *Wash. Pub. Utils. Grp. v. U.S. Dist. Ct. for W. Dist. of Washington*, 843 F.2d 319, 326 (9th Cir. 1987); *see also Asap Copy & Print v. Brown*, 646 F. App'x 495, 496 n.3 (9th Cir. 2016) (citing *Wash. Pub. Utils.* to note that district courts need not "provid[e] the plaintiffs with an opportunity to respond").

[5] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

[6] *Compare Jones*, 211 F.3d at 498 (setting forth a non-exhaustive list of private and public-interest factors), *with Decker Coal Co.*, 805 F.2d at 843 (setting forth relevant considerations in breach-of-contract action); *see also Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (both identifying relevant considerations on the facts of the particular case).

[7] *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

[8] 28 U.S.C. § 1391(b)(1)–(2).

[9] *Id.* at § 1391(b)(3).

resident defendant that does not operate in Nevada; and (3) against a Georgia-resident plaintiff.[10] Although USAA SB is a Nevada-resident defendant, Holmes only seeks to hold it vicariously liable for USAA FSB's actions outside of Nevada, not for any actions it took itself.[11]  In addition, defendants have conceded that the United States District Court for the Western District of Texas is a proper venue under the first two § 1391(b) bases, and Holmes has not objected.[12] Because there is thus another district in which this case could have—and should have—been brought, the third basis needn't be considered.[13]  And even if venue could properly be laid in this district, I find in the interests of justice that the Western District of Texas is a more suitable venue because USAA FSB is subject to that district's general personal jurisdiction and all relevant events originated within Texas.[14]  Because I transfer the case, I deny as moot defendants' motion to dismiss.

### Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 14] is DENIED as moot**.  The Clerk of the Court is instructed to **TRANSFER** this case under 28 U.S.C. §§ 1404(a) and 1406(a) to the United States District Court for the Western District of Texas and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
December 20, 2021

---

[10] ECF No. 10 at ¶¶ 1, 3–5, 7.

[11] *See* ECF No. 10 at ¶¶ 11–21; ECF No. 14-1 at ¶¶ 1–5.

[12] ECF No. 14 at 6 n.2; *see* ECF No. 16.

[13] 28 U.S.C. § 1391(b)(3).

[14] 28 U.S.C. § 1404(a).